UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MUTTAQIN FATIR ABDULLAH,          :

    Petitioner                                   :
                                                     CIVIL ACTION NO. 3:14-2149

    v.                                               :

                                                      (Judge Mannion)

UNITED STATES OF AMERICA,        :

    Respondent                              :

**MEMORANDUM**

**I.     Background**

Petitioner, Muttaqin Fatir Abdullah, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges a conviction and sentence imposed by the United States District Court for the District of South Carolina. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**II.    Procedural Background**

On January 6, 2005, Petitioner was named in a one-count Indictment, charging him with being a felon in possession of a firearm, in violation of 18

U.S.C. §§922(g)(1), 924(a)(2) and 924(e)(1).[1] See United States v. Abdullah, Criminal Action No. 3:05-cr-14-MBS (USDC South Carolina (Columbia)). On October 21, 2005, following a jury trial, Abdullah was found guilty, and on January 31, 2006, he was sentenced to a term of life imprisonment. Id.

On August 27, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Abdullah's judgment of sentence. Id. No petition for certiorari was filed with the United States Supreme Court. Id.

On October 6, 2008, Abdullah filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Decision and Order dated June 9, 2010, Petitioner's 2255 motion was denied without a hearing. Id.

On June 28, 2010, Abdullah appealed the denial of his §2255 motion, which the Court of Appeals for the Fourth Circuit dismissed on November 30, 2010. Id.

On February 11, 2014, Abdullah filed an application for leave to file a

---

[1]The Indictment is based on a shooting that occurred at Lion's Pit Nightclub on March 14, 2004. Id. Abdullah was employed as a bouncer at the nightclub on the evening of the shooting. Id. Shots were fired in the parking lot of the nightclub after the nightclub closed, and two men were shot, one of whom died. Id. The Indictment charges that Abdullah possessed a Hi-Point .45 caliber semi-automatic pistol and .45 caliber ammunition. Id.

second or successive petition pursuant to 28 U.S.C. §2244(b) with the United States Court of Appeals for the Fourth Circuit, which was denied on February 26, 2014.  See In re Muttaqin Abdullah, No. 14-137 (4th Cir. Feb. 26, 2014).

On November 10, 2014, Abdullah filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he claims that his "ABHAN[2] conviction use[d] as a predicate offense was not a crime of violence that was use[d] to enhance petitioner under 924(e) A.C.C.A.[3] to a life sentence, when petitioner was only convicted for felon in possession of a gun, 922(g)." (Doc. 1, petition).

## III. DISCUSSION

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[2]Assault and Battery of a High and Aggravated Nature.

[3]Armed Career Criminal Act.

3

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of §2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290

F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). The Petitioner has the burden of proving that §2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Abdullah has already filed a motion pursuant to §2255 in the United States District Court for the District of South Carolina. Additionally, he has filed a request in the Fourth Circuit seeking permission to file a second or successive §2255 motion, and his request has been denied. The United States Court of Appeals for the Third Circuit has made it clear that simple

inability to "meet the stringent gatekeeping requirements" does not permit the Petitioner in a case to proceed under section 2241 in order to avoid those requirements. Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir.1999) ("A petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of §2255 a meaningless gesture."); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631."). As such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

Moreover, the representations that Abdullah makes in his petition do not appear to demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. §2241 on the grounds that a motion under 28 U.S.C. §2255 would be ineffective or inadequate. Initially, the Court notes that a district

court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court. Rhines v. Holt, 434 F. App'x 67, 69 (3d Cir. 2011) (affirming dismissal of Section 2241 petition for lack of jurisdiction when petitioner argued that he was "actually innocent" of sentencing enhancement applied to him); United States v. McKeithan, 437 F. App'x 148 (3d Cir. 2011) (same); Delgado v. Zickefoose, 430 Fed. App'x 86 (3d Cir. 2011) (same); Edmonds v. United States, 427 Fed. App'x 79 (3d Cir. 2011)).

Further, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120. Here, Petitioner does not allege that the crime for which he

was convicted has been rendered non-criminal. Rather, Petitioner contends that his sentence was improperly enhanced based on his career offender status. (Doc. 1). Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

### III.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial

of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ___U.S. ___, ___, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   January 26, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2149-01.wpd